IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CIMON LOVESS, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 25-00515-BAH |
| PENNYMAC LOAN SERVICES, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Cimon Lovess ("Plaintiff") brought suit against PennyMac Loan Services, LLC ("Defendant") alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA") (Count I), violations of the Maryland Consumer Protection Act ("MCPA") (Count II), and breach of contract (Count III).[1] ECF 1.[2] Pending before the Court is Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment. ECF 5. Also pending before the Court is Plaintiff's Motion for Extension of Time to File an Amended Complaint. ECF 10. A Rule 12/56 notice was mailed to Plaintiff on February 27, 2025.[3] ECF 7. Plaintiff failed to timely oppose the

---

[1] The complaint lists breach of contract as "Count Seven." ECF 3, at 4. However, it is not clear to the Court why the count is so labeled given that there are no counts three through six. Therefore, the Court will refer to breach of contract as Count III.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Janice D. v. Kijakazi*, Civ. No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, Civ. No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, Civ. No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

Motion to Dismiss. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

I.       **BACKGROUND**

Plaintiff[4] failed to file a timely response to Defendant's Motion to Dismiss and now seeks an opportunity to amend her complaint well after the time to respond has expired. ECF 10. Defendant's Motion was filed on February 26, 2025. ECF 5. Four months later, on June 24, 2025, Plaintiff filed a document titled "Motion to Extend Time to File Amended Complaint." ECF 10. In that motion, Plaintiff stated that she "has been very sick, recently had surgery and was unable to respond to Defendant's motion." *Id.* at 1. Accordingly, Plaintiff requested until June 30, 2025 to "file an Amended Complaint that addresses the issues and arguments raised in the Defendant's motion." *Id.*

The Court directed Defendant to file a position on Plaintiff's motion for extension of time by Thursday, June 26, 2025. ECF 11. Defendant responded by the deadline opposing the extension of time. ECF 12. Defendant argues "[f]or the second time in successive lawsuits regarding the substantively the same allegations, Plaintiff [] disregarded the applicable Federal Rules of Civil Procedure and Rule 12/56 Notice of this Court [] by failing to respond to

---

[4] The Court notes that Plaintiff is not an ordinary pro se litigant as she has litigated over a dozen cases in this district and the Court of Appeals for the Fourth Circuit. *See* Civ. Nos. 15-936-ELH, 15-1487-CCB, 15-1573-CCB, 16-1496-JFM, 16-3566-RDB, 17-2186-JKB, 17-2210-JKB, 17-2212-JKB, 17-2422-CCB, 18-586-RDB; *see also* Civ. Nos. 19-3530-GLR, 22-2176-LKG, 23-2100-BAH, 25-712-SAG (all counseled by Jeffrey Styles). Regardless, the Court will treat Plaintiff as a pro se litigant, but Plaintiff is, as always, still responsible for following the rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1980) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (internal footnote and quotation marks omitted)).

Pennymac's pending dispositive motion, and then sought to amend her Complaint in lieu of responding to said motion." ECF 12, at 1 (citations omitted).  Defendant contends that "[a]lthough framed as a motion for extension of time, Plaintiff has failed to seek leave to amend her Complaint as required under Rule 15, and therefore, the Motion to Extend should be denied on that ground alone." *Id.* at 3.  Defendant also maintains that "[while] sympathetic to Plaintiff's health issues, Plaintiff has the burden to establish excusable neglect to justify an extension and has failed to meet that burden." *Id.* at 4.  Specifically, "Plaintiff's argument that she 'has been very sick, recently had surgery and was unable to respond to Defendant's motion,' fails to offer details, affidavits, or evidence supporting her sickness, provides no dates or times attributed to her recent surgery, and offers no documentation to support either assertion, which would satisfy the excusable neglect standard." *Id.* at 4–5 (quoting ECF 10).  Defendant also indicates that "[i]f this been the first go around, Pennymac likely would consent to additional time to respond in opposition to its Dispositive Motion (but not consent to leave to amend)," however, "[t]his [] is a second successive lawsuit after a gap of over a year in re-asserting the same claims." *Id.* at 5.  According to Defendant, "the fact that it has been four months since Pennymac filed its Dispositive Motion before raising the issue with the Court reflects a pattern of dilatory conduct that the Court should not reward." *Id.*

## II.    ANALYSIS

As Defendant points out, Plaintiff's response came four months after Defendant's Motion was initially filed, and the response did not sufficiently explain the delay.  Additionally, by failing to respond to Defendant's Motion in the first instance and then requesting an extension of time to file an amended complaint, rather than a response to the Motion, Plaintiff has effectively conceded the arguments raised by Defendant in the Motion to Dismiss.  *See Herbert v. McCall*, Civ. No. 23-6242, 2024 WL 4276995, at *3 (D.S.C. Aug. 9, 2024) ("As numerous courts in the Fourth Circuit

3

repeatedly have held, a litigant's failure to address arguments in responding to dispositive motions amounts to a concession of such arguments."); *see also Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025) ("Failure to respond to conspicuous, nonfrivolous arguments in an opponent's brief constitutes a waiver of the corresponding claims.").

However, despite the relative lack of information and documentation provided by Plaintiff to excuse the significant delay in responding, the Court finds it appropriate under the circumstances to give Plaintiff two weeks from the date of this Order to respond to Defendant's Motion to Dismiss or to file a properly supported Motion for Leave to File an Amended Complaint.

In filing a Motion for Leave to File an Amended Complaint, Plaintiff must follow the local and federal rules, which require litigants to seek leave to amend the complaint through a formal motion and attach the amended pleading to accompany the motion. *See* Fed. R. Civ. P. 15; Loc. R. 103.6 (D. Md. 2025). Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). "However, implicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) (affirming the district court's denial of a plaintiff's requests for leave to amend that were asserted in briefs opposing the defendant's motion to dismiss, were not accompanied by a proposed amended complaint, and did not contain any indication of what new allegations an amended complaint would contain); *see also Long v.*

*Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (same); *cf. Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (finding district court did not err in denying leave to amend and dismissing a claim with prejudice pursuant to Rule 12(b)(6) where there was no indication that the represented plaintiff "could—or would—provide additional allegations that might lead to a different result").

Therefore, to the extent Plaintiff seeks leave to amend the complaint, Plaintiff must comply with Local Rule 103.6 and submit a proposed amended complaint. Plaintiff is forewarned that failure to respond by the deadline set forth in this Order will result in dismissal of the complaint without further warning.

### III. CONCLUSION

Accordingly, it is this 22nd day of July, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion, ECF 10, is **GRANTED**;

2. The time for Plaintiff to respond to Defendant's Motion or file a motion for leave to file an amended complaint is **EXTENDED** until August 5, 2025;

3. Plaintiff's response must comply with the directions in this Order, or the case will be dismissed without prejudice and without further warning to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge