IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| CIMON LOVESS, | * |
| Plaintiff, | * |
| v. | * |
| | *  Civil No. 25-00515-BAH |
| PENNYMAC LOAN SERVICES, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Cimon Lovess ("Plaintiff") brought suit against PennyMac Loan Services, LLC ("Defendant") alleging violations of the Maryland Consumer Debt Collection Act ("MCDCA") (Count I), violations of the Maryland Consumer Protection Act ("MCPA") (Count II), and breach of contract (Count III).[1]  ECF 1.[2]  Pending before the Court is Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (the "Motion").  ECF 5.  A Rule 12/56 notice was mailed to Plaintiff on February 27, 2025.[3]  ECF 7.  Plaintiff failed to timely oppose the Motion. On June 24, 2025, Plaintiff requested an extension of time to file an amended complaint.  ECF 10,

---

[1] The complaint lists breach of contract as "Count Seven."  ECF 3, at 4.  However, it is not clear to the Court why the count is so labeled given that there are no counts three through six.  Therefore, the Court will refer to breach of contract as Count III.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[3] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  *See, e.g., Janice D. v. Kijakazi*, Civ. No. SAG-22-3369, 2023 WL 5509314 (D. Md. Aug. 25, 2023); *Toi H. v. Kijakazi*, Civ. No. SAG-20-3260, 2022 WL 993774 (D. Md. Apr. 1, 2022); *Bogues v. Bishop*, Civ. No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

at 1. Specifically, Plaintiff sought to "file an Amended Complaint that addresses the issues and arguments raised in the Defendant's motion." *Id.* The Court held that "despite the relative lack of information and documentation provided by Plaintiff to excuse the significant delay in responding, the Court finds it appropriate under the circumstances to give Plaintiff two weeks from the date of this Order to respond to Defendant's Motion to Dismiss or to file a properly supported Motion for Leave to File an Amended Complaint." ECF 13, at 4. The Court warned Plaintiff that "failure to respond by the deadline set forth in this Order will result in dismissal of the complaint without further warning." *Id.* at 5. To date, Plaintiff has again failed to respond despite the Court's explicit warning. Accordingly, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, ECF 5, is **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

I.      **BACKGROUND**

Plaintiff[4] failed to file a timely response to Defendant's Motion and then belatedly sought an opportunity to amend her complaint well after the time to respond had expired. ECF 10. Defendant's Motion was filed on February 26, 2025. ECF 5. Four months later, on June 24, 2025, Plaintiff filed a document titled, "Motion to Extend Time to File Amended Complaint." ECF 10. In that motion, Plaintiff stated that she "has been very sick, recently had surgery and was unable

---

[4] The Court notes that Plaintiff is not an ordinary pro se litigant as she has litigated over a dozen cases in this district and the Court of Appeals for the Fourth Circuit. *See* Civ. Nos. 15-936-ELH, 15-1487-CCB, 15-1573-CCB, 16-1496-JFM, 16-3566-RDB, 17-2186-JKB, 17-2210-JKB, 17-2212-JKB, 17-2422-CCB, 18-586-RDB; *see also* Civ. Nos. 19-3530-GLR, 22-2176-LKG, 23-2100-BAH, 25-712-SAG (all counseled by Jeffrey Styles). Regardless, the Court will treat Plaintiff as a pro se litigant, but Plaintiff is, as always, still responsible for following the rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1980) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." (internal footnote and quotation marks omitted)).

to respond to Defendant's motion." *Id.* at 1. Accordingly, Plaintiff requested until June 30, 2025 to "file an Amended Complaint that addresses the issues and arguments raised in the Defendant's motion." *Id.*

The Court directed Defendant to file a position on Plaintiff's motion for extension of time by Thursday, June 26, 2025. ECF 11. Defendant responded by the deadline opposing the extension of time. ECF 12. Defendant argues "[f]or the second time in successive lawsuits regarding [] substantively the same allegations, Plaintiff [] disregarded the applicable Federal Rules of Civil Procedure and Rule 12/56 Notice of this Court [] by failing to respond to Pennymac's pending dispositive motion, and then sought to amend her Complaint in lieu of responding to said motion." ECF 12, at 1 (citations omitted). Defendant contends that "[a]lthough framed as a motion for extension of time, Plaintiff has failed to seek leave to amend her Complaint as required under Rule 15, and therefore, the Motion to Extend should be denied on that ground alone." *Id.* at 3. Defendant also maintains that "[while] sympathetic to Plaintiff's health issues, Plaintiff has the burden to establish excusable neglect to justify an extension and has failed to meet that burden." *Id.* at 4. Specifically, "Plaintiff's argument that she 'has been very sick, recently had surgery and was unable to respond to Defendant's motion,' fails to offer details, affidavits, or evidence supporting her sickness, provides no dates or times attributed to her recent surgery, and offers no documentation to support either assertion, which would satisfy the excusable neglect standard." *Id.* at 4–5 (quoting ECF 10). Defendant also indicates that "[i]f this been the first go around, Pennymac likely would consent to additional time to respond in opposition to its Dispositive Motion (but not consent to leave to amend)," however, "[t]his [] is a second successive lawsuit after a gap of over a year in re-asserting the same claims." *Id.* at 5. According to Defendant, "the fact that it has been four months since Pennymac filed its Dispositive Motion

3

before raising the issue with the Court reflects a pattern of dilatory conduct that the Court should not reward." *Id.*

Despite the "relative lack of information and documentation provided by Plaintiff to excuse the significant delay in responding," the Court granted Plaintiff an extension of time. ECF 13, at 4. The Court extended Plaintiff's deadline to August 5, 2025 to respond to Defendant's motion or file a motion for leave to file an amended complaint. *Id.* at 5. The Court warned Plaintiff that "failure to respond by the deadline set forth in this Order will result in dismissal of the complaint without further warning." *Id.* As of the date of this Order, August 11, 2025, Plaintiff has again failed to respond.

## II.  ANALYSIS

The Court finds that the case is subject to dismissal for failure to prosecute.[5] Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Thus, a complaint may be dismissed pursuant to Rule 41(b) for a plaintiff's failure to prosecute the action and/or failure to comply with orders of the court. *See Leatherman v. Belk, Inc.*, No. 20-cv-00169, 2021 WL 848176, at *1 (W.D.N.C. Mar. 5, 2021) (citation omitted). Courts need not await a motion by a defendant and may proceed sua sponte in dismissing a complaint pursuant to Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). District

---

[5] Additionally, as the Court previously pointed out, "by failing to respond to Defendant's Motion in the first instance and then requesting an extension of time to file an amended complaint, rather than a response to the Motion, Plaintiff has effectively conceded the arguments raised by Defendant in the Motion to Dismiss." ECF 13, at 3-4 (first citing *Herbert v. McCall*, Civ. No. 23-6242, 2024 WL 4276995, at *3 (D.S.C. Aug. 9, 2024), then citing *Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025)).

4

courts evaluating dismissal under Rule 41(b) are required "to consider not only 'the effectiveness of sanctions less drastic than dismissal' but also 'the plaintiff's degree of personal responsibility,' 'the amount of prejudice caused the defendant,' and 'the presence of a drawn out history of deliberately proceeding in a dilatory fashion.'" *Sorto v. AutoZone, Inc.*, 821 F. App'x 188, 194–95 (4th Cir. 2020) (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)).

Considering these factors on this record weighs in favor of dismissal. Plaintiff is proceeding pro se and has been warned twice, including in this Court's most recent Order, that failing to respond will lead to the case being dismissed without further warning. *See Yates v. Town of Wallace, NC*, No. 21-cv-00012-M, 2021 WL 2004783, at *2 (E.D.N.C. May 19, 2021) ("The court finds that a lesser sanction would not be effective in this case; Plaintiff has been warned twice that his complaint may be dismissed, but he has failed to comply with court orders and rules. Plaintiff proceeds in this action pro se and, thus, the responsibility for prosecuting this action is solely his."); *Leatherman*, 2021 WL 848176, at *1 ("Plaintiff is proceeding pro se so she is entirely responsible for her actions. It is solely through Plaintiff's choice, and not any neglect of an attorney, that Plaintiff has not responded to Defendant's motion or the Court's Roseboro Order requiring her to respond. The undersigned thus concludes the Plaintiff has abandoned her lawsuit. No other reasonable sanctions are available.").

The Court also notes Plaintiff's history of noncompliance: first, Plaintiff failed to timely respond to Defendant's dispositive motion, and then, four months later, filed a motion for extension of time to file an amended complaint. The Court, in part due to concern about Plaintiff's health issues, granted this request and allowed Plaintiff 14 days to respond to the Motion or file a motion for leave to file an amended complaint. However, the Court warned Plaintiff that "failure

5

to respond by the [August 5, 2025] deadline [] will result in dismissal of the complaint without further warning." ECF 13, at 5. Despite this explicit warning, Plaintiff again has failed to respond. As Defendant previously argued, *see* ECF 12, at 5, and the Court now agrees, Plaintiff's non-responsiveness merits dismissal as repeated non-compliance with the Court's order reflects that she has abandoned her claims. Accordingly, since no other reasonable sanctions are available and noting again that Plaintiff was explicitly warned of the outcome if she did not respond, dismissal for failure to prosecute is appropriate.

### III. **CONCLUSION**

Accordingly, it is this 11th day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b);

2. Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, ECF 5, is **DENIED AS MOOT**;

3. The Clerk is directed to **CLOSE** this case.

                                                /s/
                                        Brendan A. Hurson
                                        United States District Judge